UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMON NEWMAN,

                    Plaintiff,

          -against-

U.S. DEP'T OF HOUSING URBAN
DEVELOPMENT (HUD),

                    Defendant.

23-CV-4807 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking federal question jurisdiction and asserting that the United States Department of Housing & Urban Development ("HUD") has violated his "human rights" by denying him Section 8 vouchers to relocate to another apartment. (ECF 1, at 2.) He seeks an order to compel HUD to grant him the vouchers. By order dated June 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in a an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff brings this action against HUD, alleging that since 2009, it has denied him Section 8 vouchers to relocate from his current apartment in Bronx, New York, to another apartment, causing him "to deal with violence and harassment from the housing company employees and some tenants at Karaus Management." (ECF 1, at 5.) He asserts that he has caught three of Kraus Management's employees "illegally breaking" into his apartment. (*Id*.) Plaintiff further claims that the alleged events have caused him to suffer "blood pressure and

several other health problems." (*Id*. at 6.) He brings this action seeking HUD's assistance to relocate to another address.

Plaintiff attaches to the complaint a partial decision from a harassment proceeding that he filed in the Civil Court of the City of New York, County of Bronx, Housing Part ("Bronx Housing Court") against his landlords, Kraus Inc. and Kraus Management Inc., and the New York City Department of Housing Preservation and Development ("HPD"). The Bronx Housing Court's decision noted that Plaintiff was complaining that his neighbors were harassing him and that he had requested relocation to another HUD Section 8 unit. Bronx Housing Court Judge Malaika N. Scott-McLaughlin determined, after hearing oral argument on December 6, 2022, that Plaintiff had "failed to plead a colorable claim of harassment." (*Id*. at 11.) Because Plaintiff does not attach the full decision, it is unclear what ruling Judge Scott-McLaughlin made with respect to his claims against HPD and his request for a transfer to another HUD Section 8 unit. Plaintiff also attaches to the complaint an "incident information slip" from the New York City Police Department dated June 6, 2019, indicating that he had reported a crime of petit larceny to the police. (*Id*. at 8.)

## DISCUSSION

Plaintiff, who is apparently a participant in the Section 8 Housing Assistance Payments Program of the United States Housing Act of 1937 ("Section 8"), 42 U.S.C. § 1437f,[1] brings this

---

[1] The Section 8 program was created "for the purpose of aiding low-income families in obtaining a decent place to live and of promoting economically mixed housing." 42 U.S.C. § 1437f (a). Section 8 authorizes the Secretary of HUD to "enter into contracts with state and local public housing agencies ('PHAs') to provide financial assistance to low-income individuals or families renting housing on the private rental market." *Augusta v. Cmty Dev. Corp. of Long Island, Inc.*, No. 07–CV–0361, 2008 WL 5378386, at *1 (E.D.N.Y. Dec. 23, 2008). The PHAs receive funding from HUD for their corresponding costs. 24 C.F.R. § 982.1(a)(1). HUD's funding covers rental subsidy payments that PHAs make to building owners, as well as the costs that PHAs incur in administrating the program. 24 C.F.R. § 982.1(a)(1).

action against HUD to challenge its alleged decision to deny him Section 8 vouchers to relocate to a new apartment. Plaintiff's claims against HUD, however, must be dismissed.

### A.    Sovereign Immunity and the Administrative Procedure Act

"Under settled principles of sovereign immunity, 'the United States, as sovereign, is immune from suit, save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Dalm*, 494 U.S. 596, 608 (1990) (citations omitted). The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies and federal officers sued in their official capacities, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). Because HUD is "an executive agency of the federal government," the doctrine of sovereign immunity shields it from suit. *Almeida v. U.S. Dep't of Hous. & Urb. Dev.*, No. 08-CV-4582 (SCR), 2009 WL 873125, at *2 (S.D.N.Y. Feb. 11, 2009); *see also Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994) (noting that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit").

Because Plaintiff asserts that HUD denied him Section 8 vouchers, the Court addresses whether Plaintiff has alleged facts sufficient to state a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. Section 702 of the APA provides a limited waiver of sovereign immunity for individuals seeking equitable relief if they have suffered a "legal wrong because of agency action, or adversely affected or aggrieved by agency action." 5 U.S.C. § 702; *see Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 215

(2012). Under Section 706(2), a court may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with [the] law," 5 U.S.C. § 706(2)(A), or "contrary to constitutional right, power, privilege, or immunity," *id*. § 706(2)(B). To fall within the ambit of Section 702, a plaintiff must identify an agency action that triggers the entitlement to judicial review. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990).

Furthermore, such review under the APA is only available for "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. An agency action is final if two conditions are met: (1) "the action must mark the 'consummation' of the agency's decision making process – it must not be of a merely tentative or interlocutory nature," and (2) "the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citation omitted). In the absence of a final agency decision, the court lacks subject matter jurisdiction under the APA. *See Lumney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003); *Shakhnes v. Berlin*, 689 F.3d 244, 260 (2d Cir. 2012) ("Under the [APA], courts may not review agency actions unless such actions are 'final.'") (citation omitted)); *see also Darby v. Cisneros*, 509 U.S. 137, 147 (1993) (Section 704 requires "exhaustion of all intra-agency appeals mandated either by statute or by agency rule").

Here, Plaintiff does not allege facts suggesting that HUD has undertaken "final agency action" subject to APA review as required under Section 704. He alleges that HUD denied him Section 8 vouchers to relocate, but he provides no facts indicating that he directly applied for Section 8 housing vouchers with HUD and that the agency issued a final decision determining

that he was not entitled to such vouchers.[2] Rather, Plaintiff's sparse complaint focuses on the alleged harassment he has been subjected to in his apartment, and he appears to bring this action against HUD solely because it provides funding to HPD in the Section 8 program.[3] Plaintiff has not adequately alleged any "agency action" by HUD, much less that HUD reached "the consummation of the . . . decision making process" and has "determined" his "rights" or taken final action "from which legal consequences will flow." *Bennett*, 520 U.S. at 178. The Court therefore finds that the APA does not waive sovereign immunity for Plaintiff's claims against HUD, and that they must be dismissed. *See, e.g.*, *Morales v. U.S. Dep't of Hous. & Urb. Dev.*, No. 3:21-CV-1171, 2022 WL 4237071, at *5 (D. Conn. Sept. 14, 2022) (dismissing complaint because plaintiff "has not adequately alleged an agency action or other failure to act as required by HUD"); *Knight v. U.S. Sec. & Exch. Comm'n*, No. 09-CV-0015, 2009 WL 10701807, at *4 (E.D.N.Y. Dec. 16, 2009), *aff'd sub nom. Knight v. U.S. S.E.C.*, 403 F. App'x 622 (summary order) (2d Cir. 2010) (finding that the APA does not waive sovereign immunity where a plaintiff does not allege that a final agency action harmed him and there is no other adequate remedy available to him).

---

[2] Under HUD's regulations, a complainant may trigger applicable grievance procedures by "personally presented, either orally or in writing," a grievance "to the PHA office or to the office of the project in which the complainant resides." 24 C.F.R. § 966.54.

[3] To the extent Plaintiff maybe attempting to assert a claim under the Housing Act of 1937, 42 U.S.C. § 1437f, and its regulations concerning the quality of his Section 8 apartment, the Court notes that no court within this Circuit has found a right of action for a plaintiff to sue HUD or any other defendant for violations of the Housing Act of the statute and its implementing regulations over the poor quality of his Section 8 housing. *See Alston v. Sebelius*, No. 13-CV-4537, 2014 WL 4374644, at *15 (E.D.N.Y. Sept. 2, 2014) ("Although the Second Circuit has not addressed this issue, numerous courts, including district courts in this Circuit, have routinely found that no private right of action exists under the Housing Act for the failure to enforce a landlord's compliance with housing quality conditions.") (collecting cases); *see also Renaissance Equity Holdings LLC v. Donovan*, No. 12-CV-1639, 2013 WL 2237547, at *5 (E.D.N.Y. May 21, 2014); *Montgomery v. City of New York*, No. 09-CV-6145(RJH), 2010 WL 3563069, at *3 (S.D.N.Y. Sept.7, 2010).

Accordingly, the Court dismisses Plaintiff's claims against HUD under the doctrine of sovereign immunity, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).. Because it is not clear that granting Plaintiff leave to amend his complaint would be futile, the Court grants him leave to file an amended complaint in which he states facts that show that his claims fall within the APA's waiver of sovereign immunity. Should Plaintiff choose to file an amended complaint, he must allege facts indicating that HUD undertook a final agency action for which he seeks judicial review.

**B.     Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim against HUD under the APA, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims as specified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

**CONCLUSION**

The Court dismisses this action for the reasons set forth in this order. The Court, however, grants Plaintiff 30 days' leave to file an amended complaint, as specified in this order. If Plaintiff files an amended complaint within the time allowed, or fails to show cause as to such failure, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 15, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
      (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                       (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                  Middle Initial       Last Name

_____

Street Address

_____

County, City                      State           Zip Code

_____     _____

Telephone Number              Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

Defendant 2:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

Defendant 3:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.